UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ELI LILLY AND COMPANY,

Plaintiff,

v.

ADONIS HEALTH, INC.,

Defendant.

Case No. 25-cv-03536-JST (LB)

**DISCOVERY ORDER**

Re: ECF Nos. 84, 87

**INTRODUCTION**

Eli Lilly and Co. is suing Henry Meds (also known as Adonis Health, Inc.) for deceptive and unfair business practices and false advertising related to Henry's representing that its compounded versions of Lilly's FDA-approved tirzepatide drugs (Mounjaro and Zepbound) are as safe and effective as Lilly's products.[1] The parties have two discovery disputes (ECF Nos. 84 and 87) that turn on whether Henry has control over the records of non-party Colchis, which agreed to an administrative services agreement where Henry provides management and administrative services.[2] In ECF No. 84, Lilly seeks production of patient records and questionnaires by Colchis for each compounded tirzepatide prescription issued after March 19, 2025, (2) template patient

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Agreement, Ex. D to Disc. Letter Br. – ECF No. 84-5.

ORDER – No. 25-cv-03536-JST (LB)

United States District Court
Northern District of California

and provider questionnaires, and (3) the algorithm or automated workflows, contending that the agreement between Henry and Colchis gives Henry full control over Colchis's records. In ECF No. 87, Lilly seeks to compel Henry to search the files (including those on Colchis's servers) of Dr. Steven Peacock (Chief Medical Officer of Henry and President of Colchis) and Dr. Crystal Jacovino and Dr. Elizabeth Lowden (Colchis employees). Henry asserts that it is a separate entity from Colchis and has no right to produce the documents or search Colchis's servers.

Lilly has shown that Henry has control over Colchis's records under the administrative services agreement, which gives Henry full access to Colchis's records. Henry has shown burden in producing the patient records, and the court orders the parties to confer on an appropriate sample size for that production.

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "the test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing

United States District Court
Northern District of California

that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b)(2)(C), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit."

### 1.   ECF No. 84 — RFPs 10, 12, 15

Lilly seeks production of patient records and questionnaires for each compounded tirzepatide prescription issued after March 19, 2025, (2) template patient and provider questionnaires, and (3) the algorithm or automated workflows. Henry's representing that it will make a further production targeted for items two and three resolves those disputes for now.[3] The remaining issues are whether Henry has control over Colchis's patient records and, if so, whether production should be limited to a sample of patient records because of burden.

Lilly contends that Henry has control over patient files because (1) the administrative services agreement gives Henry full access to Colchis's patient records and control over its business operations, (2) Colchis's attorney stated that "Henry Meds has access to the system to provide [Lilly] with, for example, screen shots of any pull down menus," which "should be produced by Henry Meds," and (3) Henry has already produced a spreadsheet containing patient information.[4] Henry responds that a different section of the administrative services agreement states that Colchis retains ownership and control of patient records.[5] On burden, Henry asserts that producing patient records would require manual screenshots of the relevant pages (there is no bulk export feature in the system), review by attorneys, and consideration of the privacy laws of several states.[6] Lilly requests that Henry produce a random sample of patient records to alleviate the burden.[7]

---

[3] Disc. Letter Br. – ECF No. 84 at 6.

[4] *Id.* at 6; Email, Ex. E to Horowitz Decl. – ECF No. 84-6.

[5] Disc. Letter Br. – ECF No. 84 at 6; Agreement, Ex. D to Disc. Letter Br. – ECF No. 84-5 (§ 4(c)).

[6] Disc. Letter Br. – ECF No. 84 at 5.

[7] *Id.* at 4.

Henry has control of the patient files but has established that the burden of producing the discovery merits a limited sample.

The Federal Rules of Civil Procedure require a party served with a subpoena for records to produce those records that are in its "possession, custody or control." Fed. R. Civ. P. 45(a). Under Rule 34, a party has custody or control of documents if it has actual possession or the legal right to obtain them on demand. *Weston v. Docusign, Inc.*, No. 22-cv-00824-WHO, 2024 WL 3446924, at *2 (N.D. Cal. July 15, 2024). The party seeking production bears the burden of demonstrating control. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2024 WL 4125618, at *3 (N.D. Cal. Sep. 6, 2024).

Lilly has established control of Colchis's patient records by Henry because the administrative service agreement gives Lilly full access to patient files.[8] *See Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR (JSC), 2014 WL 10965261, at *1–2 (N.D. Cal. Nov. 25, 2014) (control by Verizon where the contract stated that "Verizon's access to all information in [the vendors'] possession or control regarding Verizon accounts . . . is to be completely unrestricted"). Henry does not address *Lofton*, and the one case Henry cites in support, *Micron Technology, Inc. v. Tessera, Inc.*, is distinguishable because it involved a subpoena issued to a third party company with no contract allowing it to access the files of its manufacturer, another distinct company. No. 06-cv-80096-MISC-JW, 2006 WL 1646133, at *2 (N.D. Cal. June 14, 2006) ("There is no evidence of any contract between the two companies that gives SUI the right to demand documents from SPIL.").

Henry asserts that the burden for producing these records would be significant because (1) attorneys would have to review the records to ensure redaction of patient identifying information and compliance with privacy laws of multiple states and (2) there is no way for a bulk export of patient records, requiring screenshots of each page.[9] Lilly does not dispute burden but

---

[8] Agreement, Ex. D to Disc. Letter Br. – ECF No. 84-5 (§ 11(a)).

[9] Disc. Letter Br. – ECF No. 84 at 5.

United States District Court
Northern District of California

alternatively requests that Henry produce a random sample of patient records and questionnaires.[10] The burden described by Henry warrants production of a random sample but is not so great that production should be denied altogether. The parties must meet and confer to determine what size of sample is appropriate.

### 2.  ECF No. 87 — Custodians

Lilly seeks to compel Henry to search the files (including those on Colchis's servers) of Dr. Steven Peacock (Chief Medical Officer of Henry and President of Colchis) and Dr. Crystal Jacovino and Dr. Elizabeth Lowden (Colchis employees). Again, the issue turns on whether Henry controls the documents Lilly seeks. The parties do not dispute relevance, and Henry does not argue burden.[11]

For the same reasons as above, Henry has control of the documents. The administrative services agreement gives Henry full access to Colchis's records, and Henry does not dispute that it would have full access to the files of the proposed custodians, responding only that the documents "should be sough (if at all) through the subpoena directed to Colchis." The court orders the discovery.

### CONCLUSION

The court orders the parties to confer on the appropriate sample size for patient records, which Henry will subsequently produce. The court orders Henry to search and produce relevant documents for Dr. Steven Peacock, Dr. Crystal Jacovino, and Dr. Elizabeth Lowden, including those on Colchis's servers. This order resolves ECF No. 84 and 87.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] *Id.* at 4.

[11] Disc. Letter Br. – ECF No. 87.

ORDER – No. 25-cv-03536-JST (LB)                    5

United States District Court
Northern District of California