United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ELI LILLY AND COMPANY,

Plaintiff,

v.

ADONIS HEALTH, INC.,

Defendant.

Case No. 25-cv-03536-JST (LB)

**DISCOVERY ORDER**

Re: ECF No. 96

Eli Lilly and Co. is suing Henry Meds (also known as Adonis Health, Inc.) for deceptive and unfair business practices and false advertising related to Henry's advertising personalized treatments of compounded versions of Lilly's tirzepatide drugs (Mounjaro and Zepbound) while actually selling "mass-manufactured" compounded drugs.[1] The parties have discovery disputes. Henry requests an order compelling Lilly to produce documents in response to its RFP Nos. 6–8, 20–27, and 33 and responses to Interrogatory Nos. 4 and 6, which seek (1) Lilly's financial records, (2) documents related to the shortage period, where the FDA determined that Lilly was unable to adequately supply the market with tirzepatide-containing medications, and (3) adverse events, recalls, and safety alerts concerning Lilly's tirzepatide products.[2]

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 96 at 2–3 (citing 21 U.S.C. §§ 353(a)(b)(1)(D), 353(b)).

ORDER – No. 25-cv-03536-JST (LB)

The court orders discovery of Lilly's financial records and safety data. The financial records are relevant to standing, and the safety data is at least minimally probative of Henry's assertion that compound tirzepatide is medically necessary. The court denies discovery of the shortage-period information because Lilly does not seek damages from that period.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "the test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b)(2)(C), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit."

United States District Court
Northern District of California

First, Henry contends that Lilly's financial records of tirzepatide sales are relevant to damages and standing.[3] Lilly counters that its financial records are not relevant because it is proceeding under a disgorgement theory (not lost profits) and that Henry has failed to explain why it needs these records to renew a standing argument the district court has already rejected.[4] The court orders the discovery. The records are at least relevant to standing, which Henry may raise again. There is no requirement that Henry explain its theories before seeking the discovery.

Second, Henry asserts that documents and communications concerning the shortage period are relevant to damages by helping with understanding "the advent of the shortage, Lilly's projections regarding capacity to supply the market, and how the shortage resolved."[5] Lilly responds that the documents are not relevant because Lilly does not seek damages from this period.[6] The court denies the discovery. Henry has not adequately explained how understanding the advent of the shortage and its related points are relevant where Lilly is not seeking damages from the shortage period.

Finally, Henry contends that Lilly's adverse event and safety data is relevant to testing when and why compounded tirzepatide is medically necessary and will "demonstrate precisely why physicians, exercising their own medical judgment, have determined that individual patients have required compounded alternatives."[7] Lilly responds that (1) the data is not relevant because Henry cannot explain how a doctor could base a personalization decision on adverse event data within Lilly's possession, (2) Henry would already possess any such evidence, and (3) Lilly should not be required to produce reports of adverse events associated with its medication because that information is publicly available.[8]

---

[3] *Id.* at 3.

[4] *Id.* at 4–5; Order – ECF No. 62 at 4–9 (finding standing under the Lanham Act, UCL, and FAL).

[5] Disc. Letter Br. – ECF No. 96 at 3.

[6] *Id.* at 5.

[7] *Id.* at 3–4.

[8] *Id.* at 5–6.

United States District Court
Northern District of California

The court orders the discovery. Lilly's point is well taken that Henry's own documentation is likely more probative evidence of Henry's assertion that compound tirzepatide is medically necessary. But Lilly's own adverse event and safety data has at least "any tendency" to make Henry's point more probable, and where Lilly makes no argument of burden, that is enough. Fed. R. Evid. 401.

This order resolves ECF No. 96.

**IT IS SO ORDERED.**

Dated: July 14, 2026

_____
LAUREL BEELER
United States Magistrate Judge